UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

HECTOR ROMERO RODRIGUEZ, #63753-097                                           PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 5:10cv65-DCB-MTP

UNITED STATES OF AMERICA                                                      DEFENDANT

### ORDER OF TRANSFER

This cause comes before this Court, *sua sponte*, to transfer this complaint [1] and motion to proceed *in forma pauperis* [2] to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1406(a). The plaintiff, a federal prisoner currently incarcerated in the Adams County Correctional Center, Washington, Mississippi, filed this complaint pursuant to the Federal Torts Claims Act (FTCA) on April 19, 2010.

The plaintiff states that on April 28, 2008, he was being transported by U.S. Marshals to a hearing before the United States District Court for the Eastern District of California in Fresno. As the plaintiff was exiting the van to attend the hearing, he allegedly fell and injured his back which subsequently required surgery. According to the plaintiff, in addition to having surgery as a result of this fall, he alleges that he has suffered permanent physical impairment. Therefore, because of the injuries he sustained, the plaintiff has filed in the instant civil action.

The proper venue for filing a Federal Tort Claims Act is found in 28 U.S.C. § 1402(b) which provides that such an action can be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *See also Smith v. U.S.*, 507 U.S. 197, 202 (1993). The plaintiff states in his complaint that he has been convicted of reentering this country illegally. Therefore, it is clear that the plaintiff is not a resident of Adams County,

Mississippi.  Moreover, the United States Court of Appeals for the Fifth Circuit "has held that the place of incarceration is not legal domicile and therefore not residency for venue purposes." *Sublet v. U.S.*, 2009 WL 4230006, @ *1 (W.D. La. Nov. 24, 2009)(*citing Ellingburg v. Connett*, 457 F.2d 240, 241-42(5th Cir. 1972)).  Since the place of plaintiff's residency is not Adams County, Mississippi, this Court has determined that the proper venue would be where the act occurred which was in Fresno, California.

"The district court of a district in which is filed a case laying venue in the wrong division or district" may in the interest of justice "transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Having liberally construed the allegations of the instant complaint, this Court finds that the events upon which this complaint is based occurred in Fresno, California.  Thus, in the interest of justice, the instant civil action will be transfer to the United States District Court for the Eastern District of California.  Accordingly, it is

ORDERED that this civil action be transferred to the United States District Court for the Eastern District of California, Fresno Division, 2500 Tulare Street, Suite 2501, Fresno, CA 93721, and that the complaint and motions filed in this civil action shall be received in accordance with the local rules of that court

SO ORDERED, this the   12th   day of May, 2010.

                                                 s/David Bramlette
                                                 UNITED STATES DISTRICT JUDGE